**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1236C
Filed: January 14, 2016

* * * * * * * * * * * * * * *
\*
**ROBERT E. COTNER,**  \*
\*
          **Plaintiff,**  \*
\*
          v.  \*
\*
**STATE OF OKLA., et al., UNKNOWN**  \*
**AGENTS, AND CO-CONSPIRATORS,**  \*
**et al.,**[1]  \*
\*
          **Defendants.**  \*
\*
* * * * * * * * * * * * * * *

**FILED**

**JAN 1 4 2016**

U.S. COURT OF
FEDERAL CLAIMS

    **Robert E. Cotner**, Lexington, OK, pro se.

    **Kara M. Westercamp**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C

---

[1] Plaintiff's complaint lists as "plaintiff Robert Cotner as "Relator," and plaintiff and the United States as "Plaintiffs." Plaintiff lists the "State of Okla., et al., Unknown Agents, and Co-Conspirators, et al.," as "Defendants." Pursuant to Rule 10(a) (2015) of the Rules of the United States Court of Federal Claims (RCFC), however, all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C § 1491(a)(1) (2012). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted); see also Kurt v. United States, 103 Fed. Cl. 384, 386 (2012). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); see also United States v. Sherwood, 312 U.S. at 588; May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2008). It is, therefore, well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States.

# ORDER

**HORN, J.**

On October 22, 2015, pro se plaintiff, Robert Cotner, filed a pro se, "FALSE-CLAIMS-ACT-SUIT QUI-TAM-SUIT-FOR-U.S. GOVERNMENT."[2] Plaintiff's complaint begins: "This case involves fraud against the United States, a continuing wrong suit, in-behalf-of the United States. Plaintiff alleges that

> Defendants have a pattern of fraudulent conduct involving improperly obtained grants, funds and payments from the United States under U.S. Government Funded Programs, contracts awarded to the State of Okla, and/or several of its state agencies, amounting to more than $500 million dollars. Defendants run two set of books, one hidden from the public and U.S. Government, and have submitted duplicate proposals, bills and claims to different federal agencies, billed different federal agencies for the same work, and for work that was not done, and have falsified and manipulated work sheets, time sheets, logs, suppliers logs, to bill for non-existent work, or false expenses and time spend on contracts to the United States.

Plaintiff claims that "a total of more than $1.29 billion dollars (up to $2.29 billion) is owed the United States Government by Defendants, their agents, unknown Co-Defendants, and Co-Conspirators, to-date, including fraudulent military contracts, state wide." For example, plaintiff claims that "100% of the multi-state class-action tobacco settlement with Okla. and funds paid Okla., were based on false, fraudulent documentation, and have been stolen from the class-plaintiffs, misused, misspent, by false and fraudulent documentations provided to this U.S. Government Court. (One billion is in trust, owed to the U.S. Government)." Elsewhere in his complaint, plaintiff alleges that "this case will prove that the United States paid to Defendants fraudulent claims of from $500 million dollars, to more than 1.7 billion dollars, to which Defendants were not entitled, and plaintiffs seek refunds, damages, and penalties totaling more than $5 billion dollars, under the False Claims Act, and under other legal theories."

Finally, plaintiff seeks "in behalf of the United-States-Government, Relator Robert Cotner, request this case be fully investigated, and set for a jury trial, without delay, before Defendants can cause his death (they tried in May 2014, and twice in 2015)."[3]

---

[2] Capitalization, emphasis, grammar, punctuation, and other errors are quoted in this Order as they appear in plaintiff's submission.

[3] The court is without authority to grant plaintiff's request for a jury trial. "'It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government.'" Cox v. United States, 105 Fed. Cl. 213, 216 n.10 (quoting Lehman v. Nakshian, 453 U.S. 156, 160 (1981)), appeal dismissed (Fed. Cir. 2012).

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253).

Subject Matter Jurisdiction

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v.

3

OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006); see also Avid Identification Sys., Inc. v. Crystal Import Corp., 603 F.3d 967, 971 (Fed. Cir.) ("This court must always determine for itself whether it has jurisdiction to hear the case before it, even when the parties do not raise or contest the issue."), reh'g and reh'g en banc denied, 614 F.3d 1330 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 909 (2011).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2015); Fed. R. Civ. P. 8(a)(1), (2) (2015); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363

n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Bell Atl. Corp. v. Twombly,] 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

As noted above, plaintiff's complaint is titled: "FALSE-CLAIMS-ACT-SUIT QUI-TAM-SUIT-FOR-U.S. GOVERNMENT." The United States Court of Federal Claims does not jurisdiction over qui tam suits, "because *qui tam* suits may only be heard in the district courts." LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995); see also Meschokow v. United States, 109 Fed. Cl. 637, 645 (2013); Capelouto v. United States, 99 Fed. Cl. 682, 690 (2011) (citing LeBlanc v. United States, 50 F.3d at 1031) ("It is clear . . . that all *qui tam* suits brought under the False Claims Act must be filed in the district courts."). Likewise, as noted by a Judge of this court,

> the Court of Federal Claims does not have jurisdiction over claims under the False Claims Act, 31 U.S.C. §§ 3729–3733, "because monetary recovery from the government for such claims is only authorized for qui tam plaintiffs, see 31 U.S.C. § 3730(d), and the [United States Court of Appeals for the Federal Circuit] has held that such 'qui tam suits may only be heard in the district courts.'"

5

Griffin v. United States, 96 Fed. Cl. 1, 8 (2010) (quoting Schweitzer v. United States, 82 Fed. Cl. 592, 595–96 (2008) (quoting LeBlanc v. United States, 50 F.3d at 1031)), appeal dismissed, 454 F. App'x 899 (Fed. Cir. 2011) (alteration in original). Therefore, plaintiff may not bring a qui tam case in this court on behalf of the United States. Despite his belief to the contrary, plaintiff is not acting on behalf of the United States in this action or in this court. Plaintiff has not raised any allegations in his complaint that are within the jurisdiction of the court, and his complaint is dismissed.[4]

After plaintiff filed his complaint, both plaintiff and defendant submitted documents which were not in compliance with the RCFC. Plaintiff first submitted a DEATH BED AFFIDAVIT" and "First Draft PRSS RELEASE," which the Clerk's Office did not file and which the court ordered returned to the plaintiff because the court was unsure as to the intention of plaintiff's submission and it was not clear as to which of his claims, or to what provision of the RCFC, the submission was responsive. Subsequently, plaintiff again submitted a "DEATH-BED-AFFIDAVIT IN-SUPPORT-OF CLAIMS," which, once again, the Clerk's Office did not file the submission, as there is no provision in the Rules of the United States Court of Federal Claims for plaintiff's attempted filing. At the same time, plaintiff provided a separate notice, titled "NOTICE-TO-JUDGE-HORN-AND-REQUEST." Plaintiff stated that "Cotner is not suing the United States, Cotner is helping the United States sue the State of Okla. There is no filing fee when the United States sues the State of Okla." The court instructs the Clerk's Office to return as unfiled plaintiff's "DEATH-BED-AFFIDAVIT IN-SUPPORT-OF CLAIMS," and plaintiff's "NOTICE-TO-JUDGE-HORN-AND-REQUEST." Subsequently, the Clerk's Office also received from plaintiff a submission titled: "EMERGENCY MOTION FOR APPOINTMENT OF SPECIAL-MASTER AND EMERGENCY-IN-CAMERA DISCLOSURE - § 70(h)-HEARING." Like many of plaintiff's other submissions, plaintiff submitted only an original version of his motion and is it not clear to the court to which provision of the RCFC the submission was responsive. Pursuant to RCFC 5.5(d)(2) (2015), a party must file an original and two copies. Therefore, the court instructs the Clerk's Office to return the emergency motion to plaintiff as unfiled.

Plaintiff also submitted a "MOTION-FOR-NUNC-PRO-TUNC-AND-NOTICE-TO-COURT." Plaintiff motion states:

---

[4] In the complaint, plaintiff alleged this case will prove that the United States paid to Defendants fraudulent claims of from $500 million dollars, to more than 1.7 billion dollars, to which Defendants were not entitled, and plaintiffs seek refunds, damages, and penalties totaling more than $5 billion dollars, under the False Claims Act, and under other legal theories." Aside from the citing to the False Claims Act, however, plaintiff did not articulate any other legal theories or suggestions for how jurisdiction would be proper in this court.

The Clerk has <u>not</u> corrected the heading in this case to show Cotner and the United States <u>are</u> United States <u>are</u> the joint plaintiff <u>against</u> the Okla. State Defendants. Co-plaintiff Cotner request this correction.

## NOTICE

It now appears that Plaintiff <u>is</u> the common law lead attorney for the United States <u>and</u> Kara M. Westercamp of the U.S. Department of Justice is co-chair for plaintiffs.

Lead common law attorney co-plaintiff Cotner <u>did</u> just <u>request</u> U.S. Justice Dept. attorneys, Eric Evan Laufgraban <u>and</u> Reginald Thomas Blades, Jr. <u>whom</u> share offices with Ms. Westercamp, to enter this case <u>against</u> this defendant, State of Okla.

The court **ORDERS** the Clerk's Office to file plaintiff's "MOTION-FOR-NUNC-PRO-TUNC-AND-NOTICE-TO-COURT. The court denies the motion as **MOOT**, as the court has concluded this court lacks jurisdiction over plaintiff's complaint and, therefore, has dismissed plaintiff's complaint. Additionally, as noted above, plaintiff is not a co-plaintiff with the United States, nor the "lead common law attorney co-plaintiff."

In between the flurry of submissions by plaintiff, defendant submitted to this court a motion to dismiss plaintiff's complaint. Like plaintiff's submissions, defendant's submission was not submitted in accordance with the RCFC, defendant provided only one copy of the motion. Moreover, in a <u>pro se</u> case, a signature is required. Counsel for defendant, however, only submitted the motion with a "/s/" on the signature line. A <u>pro se</u> case is not an electronic case, and defendant's counsel should take care to follow the proper format when submitting a filing in a paper case. The Clerk's Office shall return defendant's motion as unfiled.

<u>In Forma Pauperis</u>

Along with plaintiff's October 22, 2015 complaint, plaintiff attached an "Affidavit-for-Forma-Pauperis" which stated in full:

> The United States Government, does not have to pay a filing fee, and as a relator in this False-Claims-Act-Suit suing in behalf of the U.S. Government, Relator Robert Cotner should be except also.
>
> I, Robert Cotner, under penalties of perjury, verifies Defendants have seized 100% of all my funds since 1997, <u>and</u> will continue to do so until I die. I have no access to any funds to pay any fee with.

In the court's November 16, 2015 Order, the court noted that plaintiff's October 22, 2015 "Affidavit-for-Forma-Pauperis" was insufficient as an application to proceed <u>in forma pauperis</u> in the United States Court of Federal Claims and ordered plaintiff to pay the required filing fee of $400.00 or complete a proper application to proceed <u>in forma</u>

pauperis by December 1, 2015. Plaintiff did neither, submitting an out of time application to proceed in forma pauperis[5] on December 7, 2015, and did not reflect that the application had been served on defendant. Subsequent to plaintiff's out of time submission, the court discovered that plaintiff has had more than three actions dismissed as frivolous, and a prior application by plaintiff to proceed in forma pauperis had been denied by another Judge of this court in a previous action. In an unpublished Order, that Judge noted that "application of the Prison Litigation Reform Act of 1996 bars plaintiff from proceeding in forma pauperis unless he demonstrates he is under "'imminent danger of serious physical injury.'" Cotner v. United States, No. 13-407C (Fed. Cl. Nov. 22, 2013) (quoting 28 U.S.C. § 1915(g) (2012)).[6] The Judge concluded plaintiff's "complaint is bereft of sufficient facts to 'plausibly suggest' he is in imminent danger." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). In the case currently before this court, plaintiff's complaint likewise did not suggest plaintiff is in imminent danger, although plaintiff sought

---

[5] As required by the application to proceed in forma pauperis, plaintiff acknowledged that he was a prisoner and submitted a certified copy of his trust fund account.

[6] The in forma pauperis statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); Moore v. United States, 110 Fed. Cl. 424, 424 (2012); see also Leaming v. United States, 114 Fed. Cl. 201, 203 (2014) (citing 28 U.S.C. § 1915(g) (If a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, he is barred from initiating further suits or appeals without first paying the filing fee, unless he is 'under imminent danger of serious physical injury.' This is often referred to as the three-strikes rule.") (footnote omitted). As noted by the United States District Court for the District of New Jersey in 2009, "An examination of court records reveals plaintiff has filed numerous civil actions in various federal courts. More than three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A." Cotner v. F.B.I., No. 09-4229, 2009 WL 3335063, *1 (D.N.J. Oct. 15, 2009). The United States District Court for the District of New Jersey noted that, in an unpublished decision, the United States District Court for the Eastern District of Oklahoma has previously indicated: "The court previously has set forth the numerous instances in which plaintiff's civil rights actions have been dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted. He also has filed at least 45 actions in the United States District Court for the Northern District of Oklahoma, and several similar cases in the Western District of Oklahoma." Id. (quoting Cotner v. Anderson, et al., Case No. 08–284 (Dkt. no. 4, E.D. Okla. July 31, 2008) (citations omitted).

for the case to be resolved expeditiously "before Defendants can cause his death (they tried in May 2014, <u>and</u> twice in 2015)." Although plaintiff subsequently submitted improper filings to the court titled "DEATH BED AFFIDAVIT," "DEATH-BED-AFFIDAVIT IN-SUPPORT-OF CLAIMS," and "EMERGENCY MOTION FOR APPOINTMENT OF SPECIAL-MASTER AND EMERGENCY-IN-CAMERA DISCLOSURE - § 70(h)-HEARING," this court finds that plaintiff's submissions lack sufficient facts to plausibly establish that plaintiff is in imminent danger. Moreover, plaintiff's application to proceed <u>in forma pauperis</u>, even if timely filed, would have been denied as plaintiff remains barred from filing in this court. As plaintiff has been barred from proceeding <u>in forma pauperis</u>, the court **INSTRUCTS** the Clerk's Office to require the filing fee payment before accepting any further complaints from plaintiff, absent a substantiated showing that plaintiff is in imminent danger.

For all the foregoing reasons, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

*[signature]*
**MARIAN BLANK HORN**
Judge